1  Meghan K. Landrum (SBN 222264)
   mklandrum@reedsmith.com
2  REED SMITH LLP
   1999 Harrison Street, Suite 2400
3  Oakland, CA  94612-3572

4  **Mailing Address:**
   P.O. Box 2084
5  Oakland, CA  94604-2084

6  Telephone:    +1 510 763 2000
   Facsimile:    +1 510 273 8832
7

8  Attorneys for Plaintiffs
   INSIGHT ENTERPRISES, INC. and
9  INSIGHT DIRECT USA, INC.

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12  INSIGHT ENTERPRISES, INC., a Delaware        No. C08-02816
    corporation, and INSIGHT DIRECT USA, INC.,
13  an Illinois corporation,                     **COMPLAINT FOR INJUNCTIVE RELIEF**
                                                  **AND DAMAGES AND DEMAND FOR**
14           Plaintiffs,                          **JURY TRIAL**

15       v.

16  AMERICA'S VACATION CENTER, LLC, a
    Florida limited liability company,
17
             Defendant.
18

19         **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

20

21      Plaintiffs Insight Enterprises, Inc. and Insight Direct USA, Inc., by their attorneys, bring this

22  action against Defendant America's Vacation Center, LLC for injunctive relief and damages.  As

23  grounds therefore, Plaintiffs state as follows:

24

25

26

27

28

**NATURE OF THIS ACTION**

1.      This is an action for injunctive and monetary relief for acts of trademark infringement, unfair competition, cybersquatting, unauthorized commercial use of name, and tortious interference with prospective economic advantage.

**PARTIES**

2.      Plaintiff Insight Enterprises, Inc. ("Insight Inc.") is a Delaware corporation with its principal place of business in Tempe, Arizona.

3.      Plaintiff Insight Enterprises, Inc. ("Insight Inc.") is a Delaware corporation with its principal place of business in Tempe, Arizona.

4.      Upon information and belief, Defendant America's Vacation Center, LLC ("AVC") is a Florida limited liability company with its principal place of business in Miami, Florida and its headquarters in San Diego, California.

**JURISDICTION AND VENUE**

5.      This civil action arises under the Lanham Act, 15 U.S.C. § 1051 et seq., and state law. This Court has jurisdiction under 15 U.S.C. § 1121(a), 28 U.S.C. §§ 1331, 1338, and under the principles of supplemental jurisdiction, 28 U.S.C. § 1367(a).

6.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims occurred in this district.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Complaint for Injunctive Relief and Damages and Demand for Jury Trial

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**FACTS COMMON TO ALL COUNTS**

7.     Insight Direct USA, Inc. is the wholly-owned subsidiary of Insight Enterprises, Inc. (collectively, Insight Enterprises, Inc. and Insight Direct USA, Inc. are referred to as "Plaintiffs" or "Insight").

8.     Insight is a leading provider of top name-brand information technology ("IT") hardware and software, as well as advanced IT services.  Insight operates in over 170 countries in North America, Europe, the Middle East, Africa, and Asia-Pacific.  Insight sells, among other things, computer-related products, software, network and connectivity products, printers, and more.  Insight also provides advanced IT services, such as custom configuration, integration, enterprise consulting, resource management, and project management.  Insight Direct also provides staffing solutions to clients in the IT field.  Since 1995, Insight Enterprises, Inc. has been listed on the NASDAQ exchange under the symbol NSIT and was recently rated as a "Fortune 500" company.

9.     In addition to using the trade names "Insight Enterprises, Inc.," "Insight Direct USA, Inc.," "insight.com," and "www.insight.com" to identify itself in commerce, Insight uses the mark "Insight" and has used the mark "Insight" continuously for over a decade.

10.     Insight annually spends tens of millions of dollars in advertising using the "Insight" mark.

11.     In or about 1995, Insight Direct obtained a federal registration under the mark "Insight" for goods and services:  "mail order catalog services and retail store services of microcomputers and components . . ."  The registration number is 1940956.

12.     In 1995, Insight Direct, Inc. obtained and began using the website www.insight.com ("Insight's Website").  Insight Direct, Inc. was subsequently merged with and into Insight Direct.

– 3 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

13.    Upon information and belief, AVC is a travel agency with affiliates throughout the world.

14.    AVC is the registrant and/or owner of the domain name www.americasvacationcenter.com ("AVC's Website").

15.    On information and belief, AVC entered into a transaction with Google, Inc. ("Google"), which is located in Mountain View, California.  On further information and belief, AVC paid Google for the terms "www.insight.com" and/or "insight.com" as adwords or keywords, such that when an internet user enters either of those terms in Google's search engine on Google's Home Page (*see* Exhibits A & B), an AVC advertisement (the "Advertisement") is listed at the top of the search results as a "Sponsored Link."  (*See* Exhibits C & D, attached hereto and incorporated herein by reference.)

16.    The Advertisement does not include the domain name of AVC's Website, but rather includes the domain name of Insight's Website.

17.    Indeed, the first line of the Advertisement appears in bold and high-lighted text as either as "**Www.insight.com**" or "**Insight.com**" (depending on the search term entered).  (*See* Exhibits C & D.)  In other words, the first line of the Advertisement is the domain name of Insight's Website.  But when users click on what clearly appears to be a link to Insight's Website (it uses Insight's domain name after all), they are instead taken to AVC's Website or to www.americasvacationcenter.com.

18.    Although the Advertisement does include what appears to be an AVC-related domain name, "Insight.AmericasVacationCenter.Com," on information and belief AVC does not own or operate any such domain name.

19.     Insight has not authorized or consented to AVC's use of Insight's trademark or domain name.

20.     On or about May 30, 2008, Insight became aware of AVC's unauthorized use of Insight's trademark, names, and domain name.

21.     AVC has used Insight's trademark and/or domain name, on information and belief, with full knowledge of Insight's rights, and with the bad faith intent to trade and capitalize on the goodwill and internet traffic generated by Insight's extensive use of its trademark and domain name, as well as Insight's extensive sales, advertising, and consumer acceptance and recognition.

22.     AVC's use of Insight's trademark and/or domain name is likely to cause confusion, mistake, and deception among the relevant consuming public.

## COUNT I
### Violation of the Lanham Act, 15 U.S.C. § 1114 – Trademark Infringement

23.     Insight realleges and reincorporates the allegations in Paragraphs 1 through 22.

24.     AVC's use of the registered mark "Insight" in connection with the sale, offering for sale, distribution, and/or advertising of goods and/or services on or in connection with which such use has caused confusion, or mistake, or has deceived and/or is likely to cause confusion, or to cause mistake, or to deceive in violation of the Lanham Act, 15 U.S.C. § 1114.

25.     Upon information and belief, AVC's conduct has been willful, with the intent to cause confusion and deceive.

26.     AVC's conduct has proximately caused damage to Insight in an amount to be

Complaint for Injunctive Relief and Damages and Demand for Jury Trial

1    determined at trial.

2

3        27.    AVC's conduct will continue to cause confusion among the general public unless

4    enjoined and restrained by this Court.

5

6        28.    Insight has suffered and will continue to suffer irreparable harm to its business

7    reputation, goodwill, and internet traffic unless AVC is enjoined and restrained from using the mark

8    "Insight" in its trade name, domain name, advertisements, adwords, keywords, metatags, or

9    otherwise.

10

11        29.    Insight has no adequate remedy at law and is entitled to injunctive relief.

12

13    **COUNT II**

**Violation of the Lanham Act, 15 U.S.C. § 1125(a) – Trademark Infringement/Unfair**
14    **Competition**

15

16        30.    Insight realleges and reincorporates the allegations in Paragraphs 1 through 29.

17

18        31.    Insight has continuously used the trade names and/or terms "Insight Enterprises, Inc.,

19    " "Insight Direct USA, Inc.," "insight.com," and "www.insight.com" in commerce to identify its

20    companies.

21

22        32.    Insight has continuously used the mark "Insight" in commerce to identify the goods

23    and services provided by Insight and to distinguish such goods and services from goods and services

24    provided by others.

25

26        33.    AVC's use of the mark "Insight" and the names and/or terms "insight.com" and

27    "www.insight.com" in commerce on or in connection with goods and/or services has caused

28    confusion, or mistake, or has deceived and/or is likely to cause confusion, or to cause mistake, or to

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Complaint for Injunctive Relief and Damages and Demand for Jury Trial

1    deceive.

2

3         34.    AVC has been using the names and/or terms "insight.com" and "www.insight.com"

4    and the mark "Insight" without Insight's authorization.

5

6         35.    Upon information and belief, AVC's conduct has been willful, with the intent to

7    cause confusion and deceive.

8

9         36.    AVC's conduct has proximately caused damage to Plaintiffs in an amount to be

10    determined at trial.

11

12         37.    AVC's conduct will continue to cause confusion among the general public unless

13    enjoined and restrained by this Court.

14

15         38.    Insight has suffered and will continue to suffer irreparable harm to its business

16    reputation and goodwill unless AVC is enjoined and restrained from using the names and/or terms

17    "insight.com" and "www.insight.com" and the mark "Insight" in AVC's trade name, domain name,

18    advertisements, adwords, keywords, metatags, or otherwise.

19

20         39.    Insight has no adequate remedy at law and is entitled to injunctive relief

21

22                                    **COUNT III**
                                 **Common Law Unfair Competition**
23

24

25         40.    Insight realleges and reincorporates the allegations in Paragraphs 1 through 39.

26

27         41.    By virtue of AVC's acts, AVC has engaged in unfair competition with Insight.

28

Complaint for Injunctive Relief and Damages and Demand for Jury Trial

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

42.     Upon information and belief, AVC's conduct has been willful, with the intent to cause confusion and deceive.

43.     AVC's conduct has proximately caused damage to Insight in an amount to be determined at trial.

44.     AVC's conduct will continue to cause confusion among the general public and/or will continue to damage Insight's mark and names unless enjoined and restrained by this Court.

45.     Insight has suffered and will continue to suffer irreparable harm to its business reputation and goodwill and/or to the quality of Insight's mark and/or reputation in its products and business unless AVC is enjoined and restrained from using the names and/or terms "insight.com" and "www.insight.com" and the mark "Insight" in AVC's trade name, domain name, advertisements, adwords, keywords, metatags, or otherwise.

46.     Insight has no adequate remedy at law and is entitled to injunctive relief.

## COUNT IV
### Violation of California Business & Professions Code § 17200 et seq. – Unfair Competition

47.     Insight realleges and reincorporates the allegations in Paragraphs 1 through 46.

48.     AVC's use of the names and/or terms "insight.com" and "www.insight.com" and the mark "Insight" constitutes unfair, deceptive, untrue or misleading advertising as well as an unfair business act or practice in violation of California Business and Professions Code § 17200.

49.     Insight has suffered injury in fact and as a result of AVC's unfair competition. Insight's injuries include irreparable harm to its business reputation and goodwill and/or to the

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

quality of Insight's mark and/or reputation in its products and business unless AVC is enjoined and restrained from using the names and/or terms "insight.com" and "www.insight.com" and the mark "Insight" in AVC's trade name, domain name, advertisements, adwords, keywords, metatags, or otherwise.

50.    Insight has no adequate remedy at law and is entitled to injunctive relief.

## COUNT V
### Violation of California Civil Code § 3344 – Unauthorized Commercial Use of Name

51.    Insight realleges and reincorporates the allegations in Paragraphs 1 through 50.

52.    AVC knowingly used, and is using, Insight's names for purposes of advertising or selling, or soliciting purchases of services, without Insight's consent, in violation of California Civil Code § 3344.

53.    AVC is liable to Insight in an amount equal to the greater of $750.00 or the actual damages suffered by Insight as a result of AVC's unauthorized use of Insight's names, plus an amount equal to AVC's profits attributable to its unauthorized use of Insight's names and punitive damages in an amount to be determined at trial, along with attorneys' fees and costs.

## COUNT VI
### Violation of Lanham Act, 15 U.S.C. § 1125(d) - Cybersquatting

54.    Insight realleges and reincorporates the allegations in Paragraphs 1 through 53.

55.    Insight's names, "insight.com" and "www.insight.com," and its mark, "Insight," are protectible under 15 U.S.C. § 1125.

1    56.    On information and belief, AVC has or had a bad faith intent to profit from Insight's

2   names and mark.

3

4    57.    AVC traffics in or uses a domain name that is identical or confusingly similar to

5   Insight's names and mark, in violation of 15 U.S.C. § 1125(d).

6

7                    ### COUNT VII
8     **Intentional Interference with Prospective Economic Advantage**

9    58.    Insight realleges and reincorporates the allegations in Paragraphs 1 through 57.

10

11    59.    Insight has an economic relationship with internet users searching for its domain

12   name, "www.insight.com," or "insight.com," with a probability of future economic benefit to

13   Insight.

14

15    60.    On information and belief, AVC knew and knows of Insight's relationship with

16   internet users searching for "www.insight.com" or "insight.com."

17

18    61.    On information and belief, AVC intentionally disrupted Insight's relationship with

19   those internet users by designing an advertising scheme to divert internet users trying to access

20   Insight's Website to AVC's Website instead.

21

22    62.    On information and belief, AVC has successfully disrupted Insight's relationship with

23   internet users trying to access Insight's Website, and Insight has suffered economic harm as a

24   proximate result of AVC's disruptive acts.

25

26    **WHEREFORE,**  Plaintiffs respectfully pray for judgment in their favor and against

27   AVC on all counts of Plaintiffs' Complaint and for an order as follows:

28

Complaint for Injunctive Relief and Damages and Demand for Jury Trial

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    A.    Permanently enjoining AVC and its officers, agents, servants, employees, attorneys,

2 and those persons, firms, or corporations acting in concert and participation with it from using the

3 names and/or terms "insight.com" and "www.insight.com" and the mark "Insight" in AVC's trade

4 name, domain name, advertisements, adwords, keywords, metatags, or otherwise.

5

6    B.    Awarding Plaintiffs monetary damages in an amount to be determined at trial;

7

8    C.    Awarding Plaintiffs treble damages and/or punitive damages in an amount to be

9 determined at trial;

10

11    D.    Awarding Plaintiffs monetary relief in an amount equal to AVC's profits attributable

12 to its unauthorized use of Insight's names;

13

14    E.    Awarding Plaintiffs statutory damages in the amount of $100,000;

15

16    F.    Awarding Plaintiffs their attorneys' fees, equitable pre-judgment interest at a rate the

17 Court deems just, and costs of suit; and

18

19    G.    Awarding such other and further relief as the Court may deem just and proper,

20 including all relief to which Plaintiffs are entitled under Federal and State law.

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38, Fed. R. Civ. P., Plaintiffs demand trial by jury in this action as to the issue of damages.

DATED:  June 5, 2008.

REED SMITH LLP

By _____

Meghan K. Landrum (SBN 222264)
Attorney for Plaintiffs Insight Enterprises, Inc. and
Insight Direct USA, INC.

Complaint for Injunctive Relief and Damages and Demand for Jury Trial

















EXHIBIT

D